IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

DR. LINDA GONZALEZ,

    Plaintiff,

v.                                        No. CIV 97-1537 BB/LCS-ACE

DOÑA ANA COUNTY, LISA WARREN, Interim County Attorney, in her individual and official capacity, JUDITH M. PRICE, Acting County Manager, in her individual and official capacity, W. GENE WAITE, County Manager, in his individual and official capacity, and FERNANDO MACIAS, County Manager, in his individual and official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ON SUMMARY JUDGMENT

THIS MATTER is before the Court on the motion of Defendants for summary judgment [#41] on the basis of both claims preclusion and issue preclusion. Having considered the briefs of counsel, the Court FINDS the motion is well taken on Counts I and III and ill advised as to Counts II and IV.

**Facts**

Plaintiff was hired as Personnel Director for Doña Ana County on April 7, 1995. She was charged with falsifying documents and disclosing confidential matters and placed on administrative leave on March 15, 1997. Plaintiff did not request a pre-disciplinary hearing, but one was scheduled for April 28, 1997. Plaintiff did not attend. A notice of termination was sent out April 28, 1997. On April 30, 1997, Plaintiff requested a hearing before the Doña Ana County Personnel Board.

The Personnel Board hearing was held on November 3-5, 1997. The Personnel Board issued its findings of fact and conclusions of law on November 5, 1997. Plaintiff filed a notice of appeal or alternatively a petition for writ of certiorari in the Third Judicial District Court ("State Court") on December 4, 1997. (The instant complaint was filed in federal court the day before on December 3, 1997.) The writ of certiorari was granted by the State Court. The State Court affirmed the findings and conclusions of the Personnel Board. Specifically, the State Court found:

> 1. The record indicates that the documents which were not provided to Petitioner prior to the hearing are insignificant to the main issues and Petitioner was not prejudiced by their introduction;

> 2. The record establishes that Fernando Macias acted on behalf of the County in his capacity as County Manager during the hearing and that the County was not represented by legal counsel during the hearing;
>
> 3. The record indicates that the County made several attempts at service of process on Petitioner in order to give her notice and opportunity for a pre-termination hearing. The record further indicates evasion of service by the Petitioner, posting of the notice at Petitioner's usual place of abode and a refusal of receipt of notice through certified mail by Petitioner;
>
> 4. The record evidences that Petitioner's post-termination hearing was held approximately six months after the termination and request for hearing; and
>
> 5. The record establishes that the County did not act arbitrarily and capriciously, beyond the scope of its authority, and that the decision was supported by the evidence and was in accord with the law.

Sept. 22, 1997, *Order* ("State Court *Order*").

It does not appear the Plaintiff appealed the matter further in the state courts.

## Discussion

### Standard for *Res Judicata*

It is undisputed the judgment of the State Court is entitled to full faith and credit. *U.S. Const. Art. IV* § 1; 28 U.S.C. § 1738. It is also undisputed that this

3

Court should give the same preclusive effect to the State Court *Order* that it would be entitled to in the New Mexico state courts. The issue is the scope of issue preclusion that *Order* would receive in the New Mexico state courts.

The purpose of *res judicata* or claims preclusion is to avoid repetitious suits involving the same parties over the same basic cause of action. *Katzburg v. Kiebo*, 545 F.2d 104 (10th Cir. 1976). Claim preclusion "applies where there is '(1) identity of parties or privies, (2) identity of capacity or character or persons for whom or against whom the claim is made, (3) [the] same cause of action, and (4) [the] same subject-matter.'" *Wolford v. Lasater*, ___ P.2d ___, 1998 WL 971280 (N.M. App. 1998), quoting *City of Las Vegas v. Oman*, 796 P.2d 1121, 1128 (N.M. App. 1990), quoting *Three Rivers Land Co. v. Maddoux*, 652 P.2d 240, 244 (N.M. 1982).

All parties agree the first element necessary for the application of claim preclusion is satisfied on each count. Depending on which cause of action is considered, application of the other three factors produces varying results. Each will be considered in turn.

**Count I**

Plaintiff alleges her terms of employment are contained in the applicable provisions of the Doña Ana County Personnel Ordinance, that the County failed to provide Plaintiff with proper notice of a pre-termination hearing, unreasonably delayed the Personnel Board hearing and considered materials not provided Plaintiff. Finally, Plaintiff alleges the Personnel Board denied her due process by refusing to hear these arguments.

Deficiencies in the Personnel Board procedure and the ultimate post-termination hearing were fully raised in Plaintiff's petition for certiorari and considered by the State Court. Plaintiff argues the Personnel Board findings should not be accorded *res judicata* effect. Since those matters were not only before the Personnel Board but also raised before the State Court, however, the State Court judgment is clearly entitled to respect under *res judicata*. *United Nuclear Corp. v. General Atomic Co.*, 651 P.2d 1277 (N.M. 1982), *cert. denied*, 460 U.S. 1017 (1983). The State Court fully considered the procedural aspects of the pre- and post-termination proceeding and Plaintiff is not entitled to a second bite at the apple. *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1412 (10th Cir. 1997); *Anaya v. City of Albuquerque*, 924 P.2d 735 (N.M. App. 1996).

Plaintiff's reliance on *Chavez v. City of Albuquerque*, 952 P.2d 474 (N.M. App. 1997), is unavailing. The Court of Appeals in *Chavez* merely held that the City Personnel Board's decision on the employee's grievance did not preclude a subsequent contract claim in state court. *Chavez* clearly did not hold that once a state court had decided an issue its judgment should not be accorded *res judicata* effect.

### Count III

In Count III Plaintiff alleges she had a property interest in her job which she could not be deprived of without due process. She further alleges "the intentional and unlawful actions of the Defendants herein deprived Plaintiff of her employment with the County without due process ...." Compl. ¶ 40. The State Court expressly found "that the County did not act arbitrarily and capriciously, beyond the scope of its authority, and that the decision was supported by the evidence and was in accord with the law." State Court *Order* ¶ 5. Once again, *res judicata* bars the assertion that the County pre- and post-termination proceedings violated due process.

**Count II**

Plaintiff bases Count II on her claim that she was discriminated against and finally terminated in retaliation for filing charges with the United States Equal Employment Opportunity Commission. This is clearly not a matter considered by the State Court or Doña Ana County Personnel Board. Defendants appear to recognize this but argue Plaintiff had her "day in court" and should have raised all claims arising from the termination at one time. It is true that New Mexico recognizes issue preclusion, as well as claims preclusion, as a bar to subsequent action. *Ford v. New Mexico Dep't of Pub. Safety*, 891 P.2d 546 (N.M. App. 1994), *cert. denied*, 890 P.2d 807 (N.M. 1995). However, in order for this rule to apply, the issues must arise out of the same facts. The facts considered by the State Court are directly related to the procedures employed in terminating Plaintiff. The operative facts alleged in Count III revolve around affirmative discrimination against the Plaintiff and the County's motivation for such actions. Plaintiff also raises a legitimate issue as to whether the State Court would have entertained such issues, even if raised, on a writ of certiorari. *See* SCRA 1-075.

**Count IV**

This Count also focuses on Plaintiff's allegations that she was discriminated against on the basis of "gender disparity in pay and national origin and was retaliated against unlawfully in violation of said federal statutes." Compl. ¶ 50 citing 42 U.S.C. § 2000e. Again, it is clear this claim was not raised in the State Court. It is also clear the operative facts on which this claim is founded do not derive from issues considered by the State Court and neither issue nor claim preclusion bar this Count.

**O R D E R**

For the afore-stated reasons, Defendants' motion for summary judgment is GRANTED as to Counts I and III, and DENIED as to Counts II and IV.

Dated at Albuquerque this 6th day of April, 1999.

_____
**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiff:**

Stephen E. Hosford, Rachel A. Brown, Hubert & Hernandez, Las Cruces, NM

**Counsel for Defendant:**

Paul T. Yarbrough, Agnes Fuentevilla Padilla, Butt Thornton & Baehr, Albuquerque, NM