# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**LINDA GONZALEZ**,

       Plaintiff,

vs.

                                                                  No. CIV 1:97-1537 BB/LCS

**DOÑA ANA COUNTY,
ET AL.**,

       Defendants.

## **PROPOSED FINDING AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendants' motion to strike witness Tony Schaefer and motion to strike affidavit of Tony Schaefer (docket entry # 96), filed on December 15, 1999 and Plaintiff's motion to re-open discovery (docket entry # 100), filed on December 17, 1999.  The Court, having considered the pleadings, the arguments of counsel and the applicable law,  proposes finding that Defendants' Motions are well-taken and recommends that they be granted; the Court proposes finding that Plaintiff's Motion is not well-taken and recommends that it be denied.

This case was filed on December 3, 1997.  Discovery was originally scheduled to terminate on January 28, 1999.  On January  4, 1999, Plaintiff requested that the court vacate that deadline, and on January 12, 1999, the Court granted that request.  On May 28, 1999 the court entered an initial pretrial report which set a date of October 20, 1999 for terminating discovery, and set deadlines of December 15, 1999 for filing motions and January 12, 2000 for filing the pretrial order.  On October 14, 1999 the parties jointly requested an extension of the discovery deadline until November 4, 1999, and the Court granted this motion on October 29, 1999.

On November 1, 1999 Defendants moved for summary judgment. On December 1, 1999 Plaintiff filed her response, which included the affidavit of Tony Schaefer. Plaintiff had not identified Tony Schaefer as a witness, in violation of Fed.R.Civ.P. 26(a). Because discovery is now closed, Defendants contend that Schaefer should not be allowed to testify at trial, and his affidavit should not be considered for purposes of the motion. Plaintiff, implicitly conceding the correctness of Defendants' contention, responded by moving to reopen discovery to allow deposing Schaefer.

Under Fed.R.Civ.P. 16, the decision of whether to reopen discovery is within the Court's discretion. In determining whether to reopen discovery, one factor the court should consider is the explanation, if any, for the party's failure to timely identify the witness. *See Reid v. State of N.H.,* 56 F.3d 332, 341 (1st Cir. 1995); *see also U.S. v. $9,041,598.68,* 163 F.3d 238, 252 (5th Cir. 1998). Plaintiff contends that she only learned about Mr. Schaefer during the course of preparing the response to the motion for summary judgment. The Court proposes finding that this reason does not constitute good cause. As stated in his affidavit, Mr. Schaefer was a county commissioner, and therefore a defendant in this case, at the time the lawsuit was filed. Moreover, he and the Plaintiff knew one another. There was no reason why Plaintiff could not have learned of Schaefer's knowledge prior to the November 4, 1999 termination of discovery.

Another factor to consider in deciding whether to reopen discovery is the disruption of existing case deadlines. In the Court's experience, reopening discovery to allow deposing Schaefer may very likely result in the need to take additional depositions, and may necessitate rebriefing the summary judgment motion. By the time all of this is completed, the April trial setting could be jeopardized; at the very least, it would deprive the District Judge of time to determine the motion for summary judgment before trial.

Because Plaintiff has failed to establish good cause for not disclosing her intention to call Schaefer as a witness prior to the close of discovery, and because further extending the deadline for completing discovery would disrupt the District Court's pretrial scheduling, the Court recommends that discovery not be reopened.

In addition, because Shaefer was not timely identified as a witness, the Court recommends that he not be allowed to testify at trial, and that his affidavit not be considered for purposes of Defendants' motion for summary judgment. *See* Fed. R. Civ.P. 37(c)(1); *see also, Antoine-Tubbs v Local 513, Air Transport Div., Transport Workers Union of America*, 50 F.Supp.2d 601, 608 (N.D.Tx. 1998).

Within 10 days of receiving a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition, a party may file written objections to them. A party must file its written objections with the Clerk of the United States District Court for the District of New Mexico if it desires further review. In the absence of timely filed objections, neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____
Leslie C. Smith
United States Magistrate Judge