IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

DR. LINDA GONZALEZ,

        Plaintiff,

v.                                                                          No. CIV 97-1537 BB/LCS

THE BOARD OF COUNTY
COMMISSIONERS OF THE
COUNTY OF DOÑA ANA, LISA
WARREN, Interim County Attorney,
in her individual and official capacities,
JUDITH M. PRICE, Acting County
Manager, in her official capacity, W.
GENE WAITE, County Manager, in his
official and individual capacities, and
FERNANDO MACIAS, County
Manager, in his official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## ON MOTIONS TO STRIKE AND TO RE-OPEN DISCOVERY

THIS MATTER comes before the Court on the *Proposed Finding and Recommended Disposition* of the United States Magistrate Judge regarding Defendants' motion to strike witness Tony Schaefer and motion to strike affidavit of Tony Schaefer (#96), filed on December 15, 1999 and Plaintiff's motion to re-open discovery (#100), filed on December 17, 1999. The Court, having considered the pleadings, the

arguments of counsel and the applicable law and recommended disposition, FINDS that because Plaintiff failed to follow Federal Rule of Civil Procedure 26 and Defendants would be prejudiced because of that, Tony Schaefer's affidavit will not be considered on Defendants' pending summary judgment motion. If the case proceeds to trial, Plaintiff may call Schaefer to testify as a fact, but not an expert, witness provided Plaintiff follows the discovery provisions required.

This case was filed on December 3, 1997. Discovery was originally scheduled to terminate on January 28, 1999. On January 4, 1999, Plaintiff requested that the court vacate that deadline, and on January 12, 1999, the Court granted that request. On May 28, 1999, the court entered an initial pretrial report which set a date of October 20, 1999, for terminating discovery, and set deadlines of December 15, 1999, for filing motions and January 12, 2000, for filing the pretrial order. On October 14, 1999, the parties jointly requested an extension of the discovery deadline until November 4, 1999, and the Court granted this motion on October 29, 1999.

On November 1, 1999, Defendants moved for summary judgment. On December 1, 1999, Plaintiff filed her response, which included the affidavit of Tony Schaefer containing "expert" opinions drawn from Schaefer's personal knowledge obtained while a Doña Ana County Commissioner. Plaintiff had not identified Tony Schaefer as a witness, in violation of Federal Rule of Civil Procedure 26(a). Because

discovery is now closed, Defendants contend that Schaefer's affidavit should not be considered for purposes of the motion and he should not be allowed to testify at trial. Plaintiff, implicitly conceding the correctness of Defendants' contention, responded by moving to reopen discovery to allow deposing Schaefer.

Under Federal Rule of Civil Procedure 16, the decision of whether to reopen discovery is within the Court's discretion. In determining whether to reopen discovery, one factor the court should consider is the explanation, if any, for the party's failure to timely identify the witness. *See Reid v. State of New Hampshire,* 56 F.3d 332, 341 (1st Cir. 1995); *see also United States v. $9,041,598.68,* 163 F.3d 238, 252 (5th Cir. 1998). Plaintiff contends that she only learned about Schaefer during the course of preparing the response to the motion for summary judgment. As noted, Schaefer was a County Commissioner and therefore was a Defendant in this case at the time the lawsuit was filed. Moreover, Plaintiff knew him personally from their work at the County. Therefore, Plaintiff and her counsel should have been aware of Schaefer as a potential witness from the inception of the case.

This omission is particularly serious with regard to Plaintiff's attempt to offer Schaefer's "expert" opinion to rebut Defendants' motion for summary judgment. *Taylor v. Medtronics, Inc.,* 861 F.2d 980, 985 (6th Cir. 1988); *Antoine-Tubbs v. Local 513, Air*

*Transport Div.*, 50 F. Supp. 2d 601, 608 (N.D. Tex. 1998); *Chappell by Savage v. Bradley*, 834 F. Supp. 1030 (N.D. Ill. 1993). Defendants prepared their motion for summary judgment without any notice Plaintiff might rely on Schaefer's alleged expertise in responding to that motion and they would clearly be prejudiced by allowing such testimony at this point. Moreover, summary judgment is already under consideration by the Court and reopening discovery would result in a disruption of a long established orderly procedure. Based on Plaintiff's failure to disclose Schaefer as a potential expert at a time when Defendants could prepare their experts to rebut such testimony, which is the purpose of Federal Rule of Civil Procedure 26(a), Schaefer's expert opinion testimony will be excluded. *Hancock v. Hobbs*, 967 F.2d 462, 467-68 (11th Cir. 1992).

The Federal Rules of Civil Procedure do, however, recognize that some experts may also have "actor or viewer" testimony based on their actual presence at the events at issue. *Baker v. Taco Bell Corp.*, 163 F.R.D. 348 (D. Colo. 1995); *Tahoe Ins. Co. v. Morrison-Knudsen Co.*, 84 F.R.D. 362 (D. Id. 1979). Since total preclusion of relevant testimony is a severe sanction,[1] and since trial is still three months away, the Court will

---

[1] *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710 (3d Cir. 1997), *cert. denied*, 522 U.S. 1128 (1998); *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988).

grant Plaintiff's motion to reopen discovery only to allow Defendants to depose Tony Schaefer on his factual knowledge, at Plaintiff's expense. *See Republic Productions, Inc. v. American Fed'n of Musicians,* 30 F.R.D. 159 (S.D.N.Y. 1962). If this procedure is chosen, Defendants may then move for any limited and specific discovery arising directly from deposition testimony provided by Schaefer.

## O R D E R

The Court will not consider the affidavit of Tony Schaefer on the issue of summary judgment and the motion to strike the affidavit is **GRANTED**. Plaintiff's motion to reopen discovery is **GRANTED** to the extent Plaintiff will arrange and pay for the deposition of Tony Schaefer as to his knowledge of relevant facts.

Dated at Albuquerque this 4th day of February, 2000.

                                      **BRUCE D. BLACK**
                                      United States District Judge

Counsel for Plaintiff:
      Herman E. Ortiz, Rachel A. Brown, Hubert & Hernandez, Las Cruces, NM

Counsel for Defendants:
    Agnes Fuentevilla Padilla, Butt Thornton & Baehr, Albuquerque, NM